295

(No. 85-CC-2647–)

Tredis McMahon, Claimant, *v.* The State of Illinois, Respondent.

*Opinion filed March 28, 1986.*

Tredis McMahon, *pro se*, for Claimant.

Neil F. Hartigan, Attorney General (John R. Buckley, Assistant Attorney General, of counsel), for Respondent.

Holderman, J.

This is a claim brought by Claimant, Tredis McMahon, a resident of Stateville Correctional Center, for personal injuries sustained when an electronically operated gate closed on him, breaking his left arm.

The testimony in this matter was extremely conflicting. Claimant testified that on June 5, 1984, at approximately 5:15 p.m., he was in the tunnel outside E House. He had a job sweeping the tunnels and he wanted to go into E House to get a buffer brush.

To get in or out of E House, you must go through a large steel gate operated from a control center which is a considerable distance from the gate. The operators in the control center have no direct visual contact with traffic going through the gate but instead they watch the traffic on a camera, and they press buttons to open and close the gate.

Claimant testified there was a line of residents going into E House through the gate and the operator, Shirley

Robinson, had opened the gate just far enough so only one person could go through at a time. Claimant testified when he got into the gate, the operator closed it on him, breaking his left arm.

The testimony in this case was that the gate closes with considerable force. Claimant stated the gate was not moving when he began to enter it and it was open enough for him to walk through without turning sideways. He testified that as he began to enter the gate, it was stationary, although not open all the way, and that as he began to go through the gate, it began to move. He testified that the moving gate covered the space of 1½ to two feet so quickly that he could not make it through.

A shift supervisor, Captain Raymond E. Hall, testified that he was standing close to the gate in question at the time of the incident. He testified that the gate is made out of steel, has two sections—a stationary section and a moving section—and that the section that moves is approximately 4½ feet wide. He testified when the gate is fully opened, the aperture is approximately 4½ feet, and that it would take the gate about five to six seconds to traverse that distance, but only about one second to traverse two feet. He further testified that Claimant was not going into E House, but was coming from the Unit E door to the gate; that when he saw Claimant, the gate was already moving, that Claimant was 30 feet from the gate and running fast, that he tried to go through the gate sideways but the gate caught him.

Respondent introduced into evidence its departmental report consisting of a statement by Officer Wayne B. Lane. This report stated that no one was trying to go in or out of the gate and that the operator started to close it. It further states that the gate was approximately 12 inches from being closed completely when

Claimant ran forward and tried to get through before it closed.

Claimant, on returning to the witness stand, denied that Captain Hall's testimony was true and denied that Officer Lane's affidavit was true.

Claimant attached to his complaint an affidavit of a fellow inmate, Joe Woods, which stated that the control officer was playing with the inmates going through the gate and as a direct result, the control officer slammed Claimant's arm up and left his arm in the gate for approximately three minutes, and that Claimant was free of fault.

Mr. Woods, who had not heard Captain Hall testify, was called as a rebuttal witness, and he testified in contradiction to Officer Hall. He testified that Claimant was on the outside of E House trying to get in, and that he was on the inside wanting to go out. Woods stated that as he was trying to get out, the control center operator slammed the gate and he had to jump back to escape injury. He further stated that the operator in charge of the gate opened up the gate again and as Claimant entered the gate, she kept playing with the switch and the gate slammed Claimant's arm up in the gate. This inmate testified that several inmates tried to pull the gate back to relieve some of the pressure on the arm but were unable to do so. He stated positively that Claimant was not trying to run through the gate but was standing in front of it waiting to go through.

The Court is of the opinion that the incident occurred because of the action of the operator in the control center in operating the gate. The hearing officer in this case thought the testimony of Officer Hall did not rebut the testimony of Claimant and that it was as a result of the action of the control center operator that

Claimant was injured.

Award is hereby made in favor of Claimant in the amount of five hundred ($500.00) dollars for the injuries sustained by him.